### WAKEMAN and others *vs.* GILLESPY and others.

A chamber order, under the 125th rule, allowing further time to file exceptions to an answer, does not extend the time within which exceptions must be filed to prevent an application to dissolve an injunction.

An extension of the time, required by the 38th rule, within which exceptions must be filed to prevent an application for the dissolution of an injunction, can only be obtained upon a special application to the court, and on due notice to the adverse party.

It is always a good answer to an application to dissolve an injunction, that the equity of the bill upon which the injunction rests is not denied by the defendant, although no exceptions have been filed.

It is not a valid objection to an application to dissolve an injunction upon bill and answer, that the personal representatives of a deceased co-defendant, who was jointly implicated in the fraud charged in the bill, have not yet put in their answer; unless they are charged with knowledge of the fraud of their testator or intestate.

March 17.

THIS was an appeal from a decision of the vice chancellor of the fourth circuit, dissolving an injunction. The motion was founded upon bill and answer; but as the time for excepting to the answer of some of the defendants had been ex-

tended by a chamber order, the decision of the vice chancellor was put upon the want of equity in the complainants' bill.

*W. L. F. Warren*, for the complainants.

*J. Ellsworth*, for the defendants.

THE CHANCELLOR. A chamber order, allowing the complainant further time to file exceptions, made by an injunction master or vice chancellor out of the court, under the authority given to those officers by the 125th rule of this court, does not operate so as to enlarge the time within which exceptions must be filed to prevent an application for the dissolution of an injunction upon bill and answer. If the complainant finds it necessary to extend the time for excepting, beyond the ten days limited by the 38th rule, he must make a special application to the court, upon due notice to the adverse party. An extension of the time in such case can seldom be necessary ; as it is always a good answer to an application to dissolve an injunction, that the equity of the bill upon which the injunction rests is not denied by the defendant, although no exceptions have been filed. And in the present case, it formed no valid objection to the application to dissolve the injunction, that the answer of the personal representatives of Ranger had not been put in. Even if there had been a charge of fraud and collusion between Ranger and the other defendants, it was a matter with which his personal representatives had nothing to do, and as to which it is not to be presumed he knew any thing which would benefit the complainant, so as to enable him to retain the injunction upon any admissions in such answer. The case was therefore properly before the vice chancellor on bill and answer.

I agree with the vice chancellor that the assignment mentioned in the bill is not, upon its face, an assignment of the property of Ranger in trust for the benefit of his creditors, and to pay their debts. It purports to be a sale of the property to Gillespy. In consideration of which sale he covenants to pay all the store debts absolutely, whether the value of the

VOL. V. 15

assigned property is sufficient for that purpose or otherwise; and without any agreement, either express or implied, in the assignment, that any part of the assigned property should be applied for that purpose. If we look into the answer of Gillespy, for the purpose of ascertaining the real nature of the transaction and the intention of the parties, it is evident that the complainants have no equitable claim to deprive the other defendants of the priorities they have secured under the subsequent assignment by Gillespy.

The injunction was therefore properly dissolved; and the orders appealed from must be affirmed, with costs.